IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>            Plaintiff,<br><br>v.<br><br>JIMMIE ANTHONY BEARD,<br><br>            Defendant. | CRIMINAL ACTION NO.<br>1:20-CR-351 |

**MOTION TO DISMISS COUNTS 6 AND 8 OF THE INDICTMENT AND
BRIEF IN SUPPORT**

COMES NOW, Jim Beard, and moves the Court to dismiss Counts 6 and 8 of the Indictment. Specifically, the statute at issue in Count 6, 18 U.S.C. § 922(o), unconstitutionally infringes upon Mr. Beard's right to bear arms under the Second Amendment to the United States Constitution and, therefore, should be dismissed. Moreover, Count 8 alleges a violation of the "omnibus clause" of 26 U.S.C. § 7212 and, therefore, the statute of limitations is 3 years. 26. U.S.C. § 6531. Because the indictment in this case was returned well more than 3 years from the alleged misconduct, Count 8 should be dismissed as well.

In further support of this Motion, Mr. Beard shows as follows.

1

## FACTUAL BACKGROUND

On September 16, 2020, a Grand Jury returned an 8-count indictment against Mr. Beard.

Count 6 of the Indictment charges Mr. Beard with unlawful possession of a machinegun in violation of 18 U.S.C. §§ 922(o).  Specifically, the Grand Jury charged Mr. Beard with possessing two firearms: (1) "one custom-built, full-automatic Daniel Defense 5.56 millimeter DDM4 rifle, configured as a DD MK18, equipped with a 10.3 inch barrel"; and (2) "one custom-built, full-automatic Daniel Defense 5.56 millimeter DDM4 rifle, configured as a DD M4A1, equipped with a 14.5 inch barrel."  [Dkt. 1 ¶ 20.]

Count 8 of the Indictment charges Mr. Beard with obstructing or impeding the due administration of the internal revenue laws in violation of 26 U.S.C. § 7212(a).  Specifically, the government alleges that "**[f]rom in or about July 6, 2015 to September 26, 2016** . . . [Mr. Beard] . . . corruptly obstructed and impeded, and corruptly endeavored to obstruct and impede, the due administration of the internal revenue laws."  [Dkt. 1 ¶ 31 (emphasis added).]

Mr. Beard has entered a plea of not guilty to all of the counts of the Indictment, including Counts 6 and 8, and is preparing for trial.

## LEGAL ARGUMENT

### I.  COUNT 6 SHOULD BE DISMISSED

A.  <u>The Second Amendment and *Heller.*</u>

The Second Amendment to the United States Constitution provides that "the right of the people to keep and bear Arms, shall not be infringed." In *District of Columbia v. Heller*, the Supreme Court of the United States held that the Second Amendment guarantees "the individual right to possess and carry weapons." 554 U.S. 570, 592 (2008). Although the Court in *Heller* suggested that there might be limits on the types of weapons protected by the Second Amendment, the Court did *not* hold that machineguns, such as the ones at issue in this case, fall outside of the Second Amendment's protection. And, while the Court in *Heller* approved of certain other limitations on the right to bear arms – such as "prohibitions on the possession of firearms by felons and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools or government buildings" – Mr. Beard is not being charged with these crimes.

Mr. Beard is not a convicted felon, nor is he mentally ill, nor does the government allege him to be either of these things. Mr. Beard is also not alleged to have carried a weapon into a "sensitive place." Instead, his only crime relevant to Count 6, according to the government, is that he allegedly possessed two

firearms; nothing more. Accordingly, the prohibition at issue violates Mr. Beard's Second Amendment rights.

### B. The Weapons at Issue are Not "Dangerous and Unusual."

While the Court in *Heller* indicated, in dicta, that the Second Amendment might not apply to "dangerous *and* unusual weapons," 554 U.S. at 627 (emphasis added), the weapons at issue here do not fall within this category. Of course, every weapon is "dangerous." Merriam-Webster defines "dangerous" as "able or likely to inflict injury or harm."[1] If a weapon simply being "dangerous" were enough to bring it outside of the protections of the Second Amendment, all firearms capable of inflicting injury (i.e., *all* firearms) could be banned and the Second Amendment would be nothing more than a nullity.

To fall outside of the Second Amendment's purview, therefore, the weapon at issue must also be "unusual." That word is defined by Merriam-Webster to mean "uncommon" or "rare."[2] Machineguns like the ones at issue in this case are neither uncommon nor are they rare. In fact, according to the United States Department of Justice's Bureau of Alcohol, Tobacco, Firearms and Explosives

---

[1] https://www.merriam-webster.com/dictionary/dangerous.

[2] https://www.merriam-webster.com/dictionary/unusual?src=search-dict-box.

("ATF"), there were a total of 741,146 machine guns registered in the United States as of May 2021.[3] There were over 42,000 machine guns registered in Georgia alone. *Id.* at p. 16. According to ATF data, there were nearly double the number of registered machineguns than there were short barreled rifles, and over three times the number of machineguns than there were short barreled shotguns. *Id.*

It cannot possibly be said that a weapon that has nearly three-quarters of a million registered units in existence in the United States are "uncommon" or "rare." Accordingly, the weapons at issue are not "dangerous *and* unusual" and, therefore, the prohibition of such weapons violates the Second Amendment as interpreted by the Supreme Court in *Heller*.

### C. *United States v. Wright* Did Not Survive *Heller.*

In 1997, the Eleventh Circuit issued a decision in *United States v. Wright*, wherein it held that the federal machinegun prohibition contained in Section 922(o) did not violate the Second Amendment. 117 F.3d 1265, 1274 (11th Cir. 1997). However, the Eleventh Circuit's decision in *Wright* was expressly based on its holding that the defendant in that case "presented no evidence to demonstrate any

---

[3] *See* ATF, *Firearms Commerce in the United States Annual Statistical Update 2021*, at p. 17. Available at https://www.atf.gov/firearms/docs/report/2021-firearms-commerce-report/download.

connection . . . between his possession of the machineguns and pipe bombs and the preservation or efficiency of a militia" and, therefore, "his weapons possession is entitled to no constitutional protection." *Id.* The idea that the right to bear arms is in any way dependent on a relationship or connection with a militia was subsequently and unambiguously rejected by the Supreme Court in *Heller*. In fact, the main crux of the Court's holding in *Heller* was that the Second Amendment protects an individual right "unconnected with militia service." 554 U.S. at 605. For this reason, the holding in *Wright* cannot remain viable post-*Heller*.

## II. COUNT 8 SHOULD ALSO BE DISMISSED AS IT IS BARRED BY THE STATUE OF LIMITATIONS

The statute of limitations for violations of internal revenue laws, including 26 U.S.C. § 7212, is contained in 26 U.S.C. § 6531, which provides that the statute of limitations is 3 years after the commission of the offense, with certain limited exceptions. One exception is "for the offense described in 7212(a) (**relating to intimidation of officers and employees of the United States**)." 26 U.S.C. § 6531(6) (emphasis added).

Although Mr. Beard is being charged with a violation of Section 7212(a), it is undisputable that he is *not* being charged under the "intimidation clause" of that statute (i.e., intimidating an officer or employee of the United States). Instead, he

is being charged under the "omnibus clause" of Section 7212(a) by allegedly "obstruct[ing] and imped[ing], and corruptly endeavor[ing] to obstruct and impede, the due administration of the internal revenue laws." [Dkt. 1 ¶ 31.]

The plain language of Section 6531(6) makes it clear that the section is limited to situations where the defendant is being charged under the intimidation clause of Section 7212(a). *See, e.g., United States v. Kovak*, No. 812CR344, 2014 WL 1281916, at *6 (D. Neb. Feb. 7, 2014) (noting, without ultimately deciding issue, that "[t]he parenthetical in [Section] 6531(6) appears to limit the extension to intimidation clause violations.").

The fact that Congress intended to limit Section 6531(6) to only one part of Section 7212(a) (i.e., the intimidation clause) is demonstrated by the fact that other parts of Section 6531 do not contain such a limiting parenthetical. For example, unlike Section 6531(6), the very next section, Section 6531(7), does *not* include a limiting parenthetical: "for offenses described in section 7214(a) committed by officers and employees of the United States." Like Section 7212(a), Section 7214(a) has various prohibitions. Accordingly, it is clear that where Congress intended to extend the statute of limitations for an entire statute, it knew how to do so. Because Congress included such a limiting parenthetical in Section 6531(6), it is clear that

Congress intended to limit that section to alleged violations of the intimidation clause, not the omnibus clause.

## CONCLUSION

For these reasons, both Count 6 and Count 8 of the indictment should be dismissed.

As to Count 6, the Supreme Court has been perfectly clear: the Second Amendment to the United States Constitution grants citizens an individual right to bear arms. While there are recognized limits on the possession of firearms (i.e., possession by certain disqualified persons or at certain sensitive locations), these limitations are not even arguably present in this case. Moreover, even if it could be argued that the Second Amendment does not protect "dangerous and unusual" weapons, as the Court in *Heller* suggested in dicta, for the reasons outlined above, a machinegun such as the ones at issue here, are not "unusual" by any definition of that word. Accordingly, 18 U.S.C. § 922(o), which purports to prohibit mere possession of a machinegun, is unconstitutional and Count 6 of the indictment must be dismissed.

As to Count 8, Because Mr. Beard is *not* being charged with intimidating an officer or employee of the United States, the six-year statute of limitation contained in Section 6531(6) does not apply. Accordingly, the standard three year statute of

limitations contained in Section 6531 applies. Because the indictment in this case came well after three years from the date of the commission of the alleged offense, Count 8 should be barred and dismissed pursuant to the statute of limitations.

Respectfully submitted on February 3, 2022.

/s/ *Scott R. Grubman*
Scott R. Grubman
Ga. Bar No. 317011
Brittany M. Cambre
Ga. Bar No. 350793

**CHILIVIS GRUBMAN**
1834 Independence Square.
Atlanta, Georgia 30338
Phone: (404) 262-6505
Fax: (404) 261-2842
sgrubman@cglawfirm.com
bcambre@cglawfirm.com

## CERTIFICATE OF SERVICE AND COMPLIANCE

The undersigned attorney hereby certifies that the foregoing document, which was prepared in accordance with L.R. 7.1 using Book Antiqua, 13-point font, was filed using the Court's CM/ECF portal, which will automatically send service copies to all counsel of record.

So certified, today, February 3, 2022.

>*/s/ Scott R. Grubman*
>Scott R. Grubman
>Ga. Bar No. 317011