IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JIMMIE ANTHONY "JIM" BEARD,<br><br>Defendant. | CRIMINAL CASE NO.<br><br>1:20-CR-00351-SCJ |

## ORDER

This matter appears before the Court on the June 3, 2022 Final Report and Recommendation ("R&R") issued by the Honorable Linda T. Walker, United States Magistrate Judge. Doc. No. [67]. In the R&R, Judge Walker recommended that Defendant's Motion for Bill of Particulars (Doc. No. [38]), Motion to Suppress (Doc. No. [45]), Motion to Dismiss two counts of the Indictment (Doc. No. [46]), Motion to Sever (Doc. No. [47]), and Motion to Strike Surplusage (Doc. No. [48]) be denied. Id.

The facts, procedural history, and legal standards are found in the R&R and are incorporated by reference. Doc. No. [67]. The Court sets forth a brief summary of the facts and procedural history as follows.

On September 15, 2020, Defendant was charged in an eight-count Indictment. Doc. No. [1]. Counts 1 through 3 charge wire fraud in violation of 18 U.S.C. § 1343. Doc. No. [1], 1–10 ¶¶ 1–14. Counts 4 and 5 charge federal program theft in violation of 18 U.S.C. § 666(a)(1)(A). Doc. No. [1], 11–12 ¶¶ 15–18. Count 6 charges Defendant with possession of a machinegun in violation of 18 U.S.C. § 922(o). Doc. No. [1], 12 ¶¶ 19–20. Count 7 charges a false entry on an application or record required by Chapter 53 of Title 26, in violation of 26 U.S.C. § 5861(l). Doc. No. [1], 12–13 ¶¶ 21–22. And Count 8 charges Defendant with obstructing the internal revenue laws in violation of 26 U.S.C. § 7212(a). Doc. No. [1], 13–17 ¶¶ 23–32.

Following the Indictment, Defendant filed the following motions: (1) Motion for Bill of Particulars (Doc. No. [38]), (2) Motion to Suppress (Doc. No. [45]), (3) Motion to Dismiss (Doc. No. [46]), (4) Motion to Sever (Doc. No. [47]), and (5) Motion to Strike Surplusage (Doc. No. [48]). As noted above, in the R&R, the magistrate judge recommended that said motions be denied.

Defendant asserts the following objections to the R&R: (1) the Motion for Bill of Particulars should be granted; (2) the Motion to Dismiss should be granted; (3) the Motion to Suppress should be granted; (4) the Motion to Sever charges

should be granted; and (4) the Motion to Strike Surplusage should be granted. Doc. No. [71].

When objections are filed in the context of a dispositive motion, the Court must "make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). After conducting this review, the Court "may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge." Id. Additionally, the Court may "receive further evidence or recommit the matter to the magistrate judge with instructions." Id.

When objections are filed as to non-dispositive motions, "[t]he district judge must consider timely objections and modify or set aside any part of the order that is contrary to law or clearly erroneous." Fed. R. Crim. P. 59(a); see also 28 U.S.C. § 636(b)(1)(A). Furthermore, in objecting to an R&R, "parties . . . must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." United States v. Schultz, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988)).

The Court will now review each of the objections in turn.

3

### A. First Objection

In his *first* objection, Defendant argues that the Motion for Bill of Particulars should be granted as "[t]he Indictment . . . fails to apprise [him] of the facts constituting federal program theft and a bill of particulars is required to allow him to adequately prepare for trial." Doc. No. [71], 7–8. More specifically, Defendant states that "Counts 4 and 5 are insufficient to notify [him] of the facts giving rise to liability for program theft of $5,000 or more from July 30, 2016, to July 29, 2017." Id. at 8. Defendant asserts that the cases cited in the R&R are inapposite as they "are in the context of mail fraud, where specific misrepresentations are the evidence of the crime charged;" however, "here by contrast, the transactions are the heart of the crime charged, not merely proof of the broader crime." Id. at 9.

After review, the Court finds the cases cited by the magistrate judge sufficiently analogous and also deems it appropriate to remain consistent with its prior rulings under similar circumstances in recent corruption and fraud prosecutions related to the City of Atlanta. See United States v. Jafari, No. 1:19-CR-0078-SCJ-LTW, 2020 WL 7090698, at *3 (N.D. Ga. Feb. 25, 2020), report and recommendation adopted, No. 119CR00078SCJLTW, 2020 WL 6281703 (N.D. Ga.

Oct. 27, 2020); United States v. Bickers, No. 1:18-CR-00098-SCJ, 2019 WL 5587050, at *2 (N.D. Ga. Oct. 30, 2019). The Court declines to uphold Defendant's arguments to the contrary.

The Court finds that the R&R is correct in law and fact—and is accepted by this Court. As stated by the magistrate, "a bill of particulars is not appropriate to provide Defendant 'information which is already available through other sources' such as discovery." Doc. No. [67], 20 (citing United States v. Rosenthal, 793 F.2d 1214, 1227 (11th Cir.), modified on other grounds, 801 F.2d 378 (11th Cir. 1986)). Given the substantial discovery here, the Court finds that Defendant Beard is not entitled to a bill of particulars to prepare his defense and to avoid any surprises at trial. The fact that the discovery may be voluminous and that there may be a voluminous list of financial transactions is also not determinative as the Government indicated that it organized the extensive discovery material "in a manner to facilitate its examination." Doc. No. [51], 7. The Government also indicated in its April 1, 2022 response brief that Defendant "has had more than a year to review" the discovery material. Id. at 2. As of the date of this Order, it has been almost 300 days since the Government made this statement in its brief—combined with an upcoming August 21, 2023 trial date,

there is approximately another 200 days for review of the material. The Court accordingly finds adequate time to review these materials. See United States v. Machado, 986 F. Supp. 2d 288, 293 (S.D.N.Y. 2013) (denying a bill of particulars and where discovery included "nearly four thousand audio recordings of intercepted calls with searchable line sheets of the calls identifying participant, date, and time of the calls, recordings of undercover purchases of narcotics, tracking and search warrant applications, and laboratory reports.").[1]

### B.   Second Objection

Defendant's *second* objection is that his Motion to Dismiss Counts 6 and 8 of the Indictment should be granted. Doc. No. [71], 10. Defendant asserts that

---

[1] The Court notes that the Schmitz case that Defendant cites in his brief is not determinative. United States v. Schmitz, 634 F.3d 1247 (11th Cir. 2011). First, it appears that the quote that Defendant relied upon (in his brief at Doc. No. [71], 8) was actually an argument of the named defendant in that case. Id. at 1261 ("Schmitz argues that the allegations of fraud in the federal-funds counts are insufficient because they do not present the essential elements of fraud and do not notify her of the charges to be defended against."). Second, while the Eleventh Circuit did essentially uphold defendant's argument and conclude that "the allegations of fraud in the federal-funds counts [were] insufficient as a matter of law," it appears to the Court that the main problem in the Schmitz case was that the indictment contained "absolutely no factual detail regarding the scheme to defraud the [federally funded] Program" and failed to expressly incorporate by reference "any allegations about the scheme to defraud from the mail-fraud counts." Id. at 1261, 1263. In the case *sub judice*, the applicable counts of the Indictment (Counts 4 and 5) contain factual details and expressly incorporate by reference paragraphs 1 to 14 (i.e., the wire fraud counts). Doc. No. [1], ¶¶ 15, 17.

Count 6 "unconstitutionally infringes upon [his] right to bear arms under the Second Amendment to the United States Constitution." Id. Defendant asserts that Count 8 "should also be dismissed because it is barred by the statute of limitations." Id. at 11. Defendant asserts that the absence of Eleventh Circuit precedent (as noted in the R&R) makes his arguments fall within an area of first impression. Id. at 13.

After *de novo* review, the Court concludes that the R&R is correct in law and fact—and is accepted by this Court. While Defendant is correct in noting the absence of binding Eleventh Circuit precedent, the Court deems it proper to align with the comprehensive review of persuasive authority cited by the magistrate in the R&R. Doc. No. [67], 20–23.

### C.   Third Objection

In his third objection, Defendant asserts that his Motion to Suppress should be granted. Doc. No. [71], 13. Defendant argues that the AOL and Apple warrants at issue in this case are "impermissible general warrants and information obtained as a result of those warrants must be suppressed." Id. at 14. Defendant further argues that "[t]he good faith exception to the exclusionary rule does not apply here because the warrants were so lacking in the specificity and

7

particularity required by the Constitution that the executing officers could not have reasonably presumed them to be valid." Id. at 14.

After *de novo* review, the Court concludes that the R&R is correct in law and fact—and is accepted by this Court. As correctly noted by the magistrate, "warrants like those at issue in this case have not 'routinely been found unconstitutionally broad.'" Doc. No. [67], 7 (citations omitted). And "[e]ven if the warrants were potentially overbroad, Defendant would not be entitled to suppression," and the good-faith exception to the exclusionary rule would apply. Id. at 11–12.

### D.   Fourth Objection

In his *fourth* objection, Defendant argues that his Motion to Sever Charges should be granted. Doc. No. [71], 15. Defendant asserts that the "joinder of the gun charge [Count 6] with the remaining charge[] is highly prejudicial." Doc. No. [71], 15. Defendant asserts that "[t]he gun charges connote a level of violence and criminality far beyond that of charges of wire fraud of relatively small value." Id. at 16. Defendant further asserts that "[t]he cases cited in the Report & Recommendation rejecting severance of gun charges are in the context of drug charges, not small dollar value wire fraud and tax evasion charges." Doc. No.

[71], 16. Defendant asserts that the nature of the charges in the case *sub judice* (i.e., financial crimes and gun charges) are "inherently different" than the gun and drug charges cases cited in the R&R. Doc. No. [71], 16.

After review, the Court concludes that the R&R is correct in fact and law (with citations to case law sufficiently analogous)—and is accepted by this Court. As correctly stated by the magistrate judge, Defendant's argument that possession of a machine gun "connote[s] a level of violence and criminality" is closer than his argument that possession of a machine gun is "likely to be perceived by a jury more negatively than wire fraud or violations of tax laws." Doc. No. [71], 16; see also Doc. No. [67], 26. However, "[u]nfair prejudice does not result when two offenses are joined if evidence admissible to prove each offense is also admissible to prove the other offense." United States v. Gabay, 923 F.2d 1536, 1540 (11th Cir. 1991). And "[s]everance is not required when the possible prejudice may be cured through a cautionary instruction." United States v. Brooks, 426 F. App'x 878, 883 (11th Cir. 2011). "The crimes charged in the Indictment are distinct—even though the proof of each is interrelated by the facts of this case—and the Court presumes that the jury will follow its instructions,"

to make individualized determinations as to culpability on each count of the Indictment. Doc. No. [67], 28.[2]

### E.  **Fifth Objection**

In his *fifth* objection, Defendant asserts that the Motion to Strike Surplusage should be granted. Doc. No. [71], 16. Defendant asserts that "[p]aragraphs 9(a), 13(a), 13(b), and 26 allege conduct that falls outside the applicable statute of limitations." Doc. No. [71], 16. Defendant asserts that inclusion of allegations/evidence concerning conduct that falls outside of the applicable statute of limitations is prejudicial and likely to confuse the jury. Id. at 16–17.

"A motion to strike surplusage from an indictment should not be granted 'unless it is clear that the allegations are not relevant to the charge and are inflammatory and prejudicial . . . . [T]his is a most 'exacting standard.'" United States v. Awan, 966 F.2d 1415, 1426 (11th Cir. 1992).

---

[2] While the Court discusses jury instructions herein, the Court notes that it is still the responsibility of counsel for the parties to present appropriate jury instructions for the Court's review in accordance with the Court's individual standing case instructions located on the Court's website.

On the whole, after review, the Court concludes that the R&R is correct in law and fact—and is accepted by this Court. Defendant has failed to meet the exacting standard required for striking language from the Indictment.[3]

## CONCLUSION

After review of the R&R in accordance with the above-stated standards, the Court **ADOPTS** the R&R (Doc. No. [67]) as the Order of the Court.

Defendant's objections (Doc. No. [71]) are **OVERRULED** in their entirety.

The Motions at Doc. Nos. [38], [45], [46], [47], [48] are **DENIED**.

**IT IS SO ORDERED** this 24th day of January, 2023.

_____
**HONORABLE STEVE C. JONES**
**UNITED STATES DISTRICT JUDGE**

---

[3] To the extent that it is also proper to reserve ruling. The Court will permit Defendant to renew this motion as Defense Counsel deems appropriate at trial. See United States v. Awan, 966 F.2d 1415, 1426 (11th Cir. 1992) ("[I]t is proper to reserve ruling on a motion to strike surplusage until the trial court has heard evidence that will establish the relevance of the allegedly surplus language.").

11