IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JIMMIE ANTHONY (JIM) BEARD,<br><br>**Defendant.** | CRIMINAL CASE NO.<br><br>1:20-CR-00351-SCJ |

# ORDER

This matter appears before the Court on Defendant's Consolidated Motions in Limine (Doc. No. [101]).

A motion in limine is a pretrial motion by which a party seeks to exclude inadmissible or prejudicial evidence before it is actually offered at trial. See Luce v. United States, 469 U.S. 38, 40 n.2 (1984). A motion in limine is "an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings." Tonasson v. Lutheran Child & Fam. Servs., 115 F.3d 436, 440 (7th Cir. 1997). Under the federal rules, evidence "is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining

the action." Fed. R. Evid. 401; see also Fed. R. Evid. 402 ("Relevant evidence is admissible," absent authority that provides otherwise, while "[i]rrelevant evidence is not admissible"). Even when evidence is relevant, courts may exclude that evidence "if its probative value is substantially outweighed by a danger of . . . unfair prejudice,[1] confusion of the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "The district court has wide discretion in determining the relevance of evidence produced at trial." Cabello v. Fernandez-Larios, 402 F.3d 1148, 1161 (11th Cir. 2005); see also United States v. Nowak, 370 F. App'x 39, 41 (11th Cir. 2010) ("District courts have broad discretion to admit probative evidence, but their discretion to exclude [relevant] evidence under Rule 403 is limited.").

As no hearing is necessary on the motions, the Court considers each motion in turn and enters the following ruling.

---

[1] "'Unfair prejudice' within its context means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." Fed. R. Evid. 403 advisory committee's note to 1972 amendment.

### A. Motion in Limine to Exclude Evidence Obtained from the City of Atlanta

In his first Motion, Defendant Beard moves to exclude evidence that the Government obtained from the City of Atlanta on two grounds: (1) such evidence is inherently incomplete and unreliable, and (2) the City of Atlanta has admitted to destroying relevant evidence crucial to Defendant's defense. Doc. No. [101], 2. More specifically, Defendant argues that "the destruction of evidence by the City of Atlanta" through the repurposing of his employee/work hard drive, as well as the subsequent cyber-attack suffered by the City of Atlanta, "has significantly undermined [his] ability to present a complete defense, thereby also undermining his fundamental right to due process." Id. at 8. Defendant argues that "exclusion of such evidence is crucial to protecting [his] fundamental right to a fair trial and due process." Id.

In response, the Government notes that Defendant offers no legal precedent to support such an exclusion of evidence. Doc. No. [106], 2. The Government argues that the fact that Defendant has not alleged or demonstrated that the Government played any role in the City of Atlanta's purported loss of records by itself warrants the denial of the motion. Id. at 2–3 (citing California v. Trombetta, 467 U.S. 479, 488–89 (1984) (holding that a state's "policy of not

3

preserving breath samples is without constitutional defect. Whatever duty the Constitution imposes on the States to preserve evidence, that duty must be limited to evidence that might be expected to play a significant role in the suspect's defense."); United States v. Fletcher, 801 F.2d 1222, 1225 (10th Cir. 1986) (applying "the Trombetta definition of materiality in the context of potentially exculpatory evidence that was not preserved by the Government" in a federal criminal case).

The Court upholds the Government's argument and citation of authority as in the absence of binding authority and evidence that the Government played a role in the City of Atlanta's purported loss of evidence, the Court declines to exclude the evidence at issue. And the Court cannot say that admission of the evidence at issue is fundamentally unfair under the circumstances presently before the Court. Cf. Lisenba v. California, 314 U.S. 219, 236 (1941) ("The aim of the requirement of due process is not to exclude presumptively false evidence, but to prevent fundamental unfairness in the use of evidence whether true or false."); United States v. Price, 298 F. App'x 931, 937 (11th Cir. 2008) ("Lost evidence does not automatically deny a defendant his or her right to due process.").

4

In the alternative, Defendant "requests that the jury be informed by the Court, prior to hearing about any evidence obtained from the City of Atlanta, that the City of Atlanta has admitted to destroying the documents and data that was contained on Mr. Beard's computer, that the City of Atlanta has also admitted to losing significant amounts of data and information as a result of a cyber-attack, and that the jury may consider these facts in weighing the import of any such evidence." Doc. No. [101], 8–9.

As correctly noted by the Government, Defendant's requested instruction "resembles a spoliation sanction." Doc. No. [106], 3. However, the Eleventh Circuit has "never ruled that a spoliation instruction should be given in a criminal trial." United States v. Fey, 89 F.4th 903, 913 (11th Cir. 2023). Such instructions have only been affirmed by the Eleventh Circuit for use in civil cases. Id.; see also United States v. Lanzon, 639 F.3d 1293, 1302 (11th Cir. 2011). The Eleventh Circuit has further declined to decide the issue of whether a spoliation instruction may be given in a criminal trial, because Eleventh Circuit "precedent makes clear that even if [a spoliation instruction] could be given in a criminal trial, the instruction is required only when the absence of material evidence is predicated on bad faith." Id. Here, there has been no showing of bad faith on the part of the Government. Accordingly, Defendant's proposed instruction is not appropriate.

5

**B.      Motion to Exclude Firearms from the Courtroom**

Defendant moves to prevent the Government from bringing in the firearms (related to the Counts of the Indictment) into the courtroom under Federal Rules of Evidence 402 and 403. Doc. No. [101], 10. Defendant argues that "any probative value of presenting the actual firearms to the jury during trial is substantially outweighed by the danger of undue prejudice." Id. Defendant argues that the Government can attempt to prove the elements of the crimes at issue "by presenting witness testimony as well as photographs of the guns in question [and] the firearms report that the [G]overnment obtained and produced in discovery." Id. at 10–11. Defendant argues that "the presence of two machine guns in court would have a substantial likelihood of prejudicing [him], as [the machine guns] have a significant potential of provoking an extreme and emotional reaction in the jury, particularly given the significant publicity that these types of firearms have received over the last several years." Id. at 11 (citing United States. v. Bascue, 97 F.3d 1461 (9th Cir. 1996).

In opposition, the Government argues that Count 6 of the Indictment alleges possession of two custom-built, fully automatic Daniel Defense machine guns in violation of 18 U.S.C. § 922(o) and that the Government "should be able to present to the jury the weapons [Defendant Beard] is charged with possessing"

for a number of reasons to include: avoidance of jury confusion or jury penalizing of the Government for not admitting the evidence subject to the possession charge; and the need to evaluate the physical characteristics of the firearms to assist the jury with the knowledge element of the crime. Doc. No. [106], 4–5. The Government also argues that the fact that evidence may be prejudicial does not warrant exclusion, as "Federal Rule of Evidence 403 only calls for the exclusion of 'relevant evidence if its probative value is substantially outweighed by a danger of … unfair prejudice.'" Id. at 5. The Government distinguishes Defendant's citation of authority as not supportive of exclusion on the grounds that unlike the facts of the Bascue case, in the case *sub judice*, there has not been a concession of possession of the machine guns by the Defendant and the Bascue court actually held that it was proper to show the jury one of the 54 machine guns and silencers at issue. Id. at 6 (discussing Bascue, 97 F.3d at 1461).

After review, the Court upholds the Government's opposition arguments and citations of authority. See United States v. Holland, 796 F. App'x 628, 633 (11th Cir. 2019) (citing Old Chief v. United States, 519 U.S. 172, 186–88 (1997) ("Generally, the prosecution is entitled to decide how to prove its case, and a defendant may not stipulate or admit his way out of the full evidentiary force of the case against him."). The Court also agrees that the non-binding Bascue case

7

relied upon by Defendant is distinguishable. The Court does not find that the probative value of the relevant evidence is substantially outweighed by a danger of unfair prejudice Federal Rule of Evidence 403. Defendant's request to preclude admission of the machine guns or their display at trial is **DENIED**.

    **C.**    **Motion to Prevent any Evidence, Testimony or Argument related to the Dangerous Nature of Machine Guns or Gun-Related Violence**

Next, Defendant moves "to prevent the [G]overnment from presenting any evidence or testimony of, or argument related to, the dangerous nature of the firearms in question, or to gun violence in general." Doc. No. [101], 12. The basis for Defendant's argument is relevance as Defendant Beard asserts that he "is not even accused of using these weapons at all, let alone in a dangerous or violent fashion." Id.

In response, the Government states that it "does not intend to present extensive evidence regarding the dangerous nature of machine guns," but a limited amount of testimony on that score is relevant and warranted to show:

> a. Why federal law generally limits the possession of machine guns to the military and law enforcement officers and, correspondingly, why Beard needed to attest falsely that the machine guns would only be used by the Atlanta Police Department;

8

> b. Why the Atlanta Police Department's Executive Protection Detail would not need or use machine guns;
> c. That machine guns are not effective weapons for protective details;
> d. That [the] Atlanta Police Department strictly limits the issuance of machine guns and why such issuance is limited; and
> e. That given a machine gun's firing capabilities, the weapons have limited utility for urban policing and require substantial training to be used effectively.

After review, the Court upholds the Government's opposition argument and will permit limited testimony on the list of items referenced above and in the Government's motion. The Court does not find that the probative value of the relevant evidence is substantially outweighed by a danger of unfair prejudice Federal Rule of Evidence 403. Defendant's Motion is **DENIED** on this ground.

### D. Motion to Exclude Evidence, Testimony, or Argument Related to the City of Atlanta Ethics Investigation and Findings

Next, Defendant "requests that this Court exclude any evidence, testimony, or argument related to the City of Atlanta's ethics investigation or findings." Doc. No. [101], 13.

In response, the Government states that it "does not intend to present evidence regarding the City of Atlanta's ethics investigation or findings." Doc. No. [106], 8. Accordingly, said Motion is **MOOT**.

9

### E.   **Motion to Exclude Evidence, Testimony, and Argument Related to Internal Audit Performed for City of Atlanta**

Defendant moves to exclude any evidence or argument related to the audit or audit findings pursuant to Federal Rules of Evidence 402, 403, and 404(b). Doc. No. [101], 170.

In response, the Government states that it "does not intend to present evidence of the Windham Brannon audit." Doc. No. [106], 8. Accordingly, Defendant's Motion is **MOOT**.

### F.   **Motion to Exclude any Reference to Mr. Beard's Alleged Infidelity**

Next, Defendant seeks to exclude evidence (or testimony) related to his alleged instances of infidelity under Federal Rules of Evidence 402, 403, and 404(b) (concerning permissible and prohibited uses of other crimes, wrongs, or acts). Doc. No. [101], 18. More specifically, Defendant argues that the evidence at issue is irrelevant to the charges brought against him and even if the evidence were relevant, "the danger of undue prejudice substantially outweighs any such minimal relevance." Id. at 19.

In opposition, the Government asserts that evidence concerning "with whom [Defendant Beard] traveled and the nature of their relationship is highly relevant," as the Indictment charges Defendant Beard with using City of Atlanta

10

funds to pay for personal travel, including travel with "personal companions." Doc. No. [106], 8 (citing Doc. No. [1]). The Government argues that "evidence that Beard traveled with people with whom he had personal and romantic relationship demonstrates that the travel was personal as opposed to business-related." Id. The Government also recognizes that the "evidence of extramarital affairs may be mildly damaging to Beard's defense," but further asserts that "the admission of such evidence does not rise to the level of unfair prejudice." Id. at 9. As for Defendant's Rule 404(b) argument, the Government asserts that evidence that Defendant Beard had "personal and romantic relationships with his travel companions does not violate Rule 404(b) because the evidence is intrinsic as it is 'necessary to complete the story of the crime,' and is 'inextricably intertwined with the evidence regarding the charged offense.'" Id. at 9 (citing United States v. Edouard, 485 F. 3d 1324, 1344 (11th Cir. 2007) ("But evidence of criminal activity other than the charged offense is not 'extrinsic' under Rule 404(b), and thus falls outside the scope of the Rule, when it is '(1) an uncharged offense which arose out of the same transaction or series of transactions as the charged offense, (2) necessary to complete the story of the crime, or (3) inextricably intertwined with the evidence regarding the charged offense.'"); see also United States v. Larios-Trujillo, 403 F. App'x 442, 443–44 (11th

11

Cir. 2010) ("In certain situations, however, evidence of prior bad acts is considered intrinsic to the charged crime and not governed by Rule 404(b). Evidence of acts other than the offense charged is considered intrinsic if it is . . . necessary to complete the story of the crime . . . Even if evidence is determined to be intrinsic, it is still subject to the balancing test established by Rule 403 and 'may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.") (citations omitted).

After review, the Court upholds the Government's arguments and citations of authority and **DENIES** Defendant's Motion. The Court finds that such is relevant[2] and the Court does not find that the probative value of the relevant evidence is substantially outweighed by a danger of unfair prejudice Federal Rule of Evidence 403. The 404(b) ground also fails based on the Government's intrinsic evidence arguments and proffer.

---

[2] As previously stated in the Report and Recommendation adopted by this Court, "the fact Defendant allegedly brought 'a personal travel companion' on a trip is relevant to whether he improperly used government funds for personal purposes." United States v. Beard, No. 120CR00351SCJLTW, 2022 WL 18657429, at *5 n.3 (N.D. Ga. June 3, 2022), report and recommendation adopted, No. 1:20-CR-00351-SCJ, 2023 WL 372914 (N.D. Ga. Jan. 24, 2023).

### G.     Motion to Exclude Evidence, Testimony, and Argument Related to Transactions Outside the Statute of Limitations

Defendant moves for an Order "excluding any evidence, testimony, or argument related to any transaction that falls outside of the relevant statute of limitations." Doc. No. [101], 20. Defendant asserts that "[t]he exclusion of transactions that fall outside of the statute of limitations would at least limit the universe of transactions that could be discussed to five years prior to the indictment, which would assist Mr. Beard and his counsel to prepare for trial." Id. at 21. Defendant asserts that his "ability to challenge the charges is significantly impacted." Id.

In response, the Government notes that Defendant has offered no legal support for his request. Doc. No. [106], 10. The Government also states that "[i]t is well-settled that the United States may introduce evidence that occurred outside the limitations period if it is relevant to proving an offense that occurred within it." Id. at 10 (citing United States v. Ashdown, 509 F.2d 793, 798 (5th Cir. 1975) ("The statute of limitations is a defense to prosecution, not a rule of evidence. Therefore, once prosecution is timely instituted, the statute of limitations has no bearing on the admissibility of evidence. It would be a bizarre result indeed if a crime properly prosecuted within the limitations period could

13

not be proven because an essential element, such as intent, could only be established by proof of incidents occurring outside the period."). The Government further asserts interconnectedness and probative value and that "evidence of fraudulent transactions by Beard that may fall outside the statute of limitation are relevant and probative of Beard's intent and the overall fraud and tax obstruction schemes." Doc. No. [106], 11.

After review, the Court upholds the Government's opposition arguments and citations of authority. The Motion is **DENIED**.

### H. Motion to Exclude Evidence, Testimony, and Argument related to Certain Testimony of Ameralis Sherman

Finally, Defendant Beard asks the Court to preclude potential witness Ameralis Sherman from testifying that Defendant's charges to his City of Atlanta credit card were "outrageous" pursuant to Federal Rules of Evidence 402, 403, and 701 — and on the ground of improper opinion, subjective interpretation and no grounding in factual or expert knowledge. Doc. No. [101], 22. Defendant argues that Ms. Sherman's "characterization holds little probative value and may only serve to confuse or mislead the jury, unduly prejudicing" Defendant." Id. at 23.

In response, the Government asserts that Defendant's Motion is premature absent hearing from Ms. Sherman and understanding the foundation for her opinion. The Government further asserts that "if the United States lays the proper foundation for Ms. Sherman's assessment of Beard's use of his City of Atlanta credit card was outrageous, then such testimony should be admitted." Doc. No. [106], 12.

After review, the Court upholds the Government's argument and citation of authority and **DENIES the motion without prejudice as premature**. Defendant may object to the testimony at trial after the Government has attempted to lay a foundation under Federal Rule of Evidence 701[3] for the testimony at issue.

---

[3] Rule 701 states:

> If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is:
> (a) rationally based on the witness's perception;
> (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and
> (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Fed. R. Evid. 701.

## I. Conclusion

As for the Defendant's *Consolidated* Motion at Doc. No. [101], the Court's rulings are as follows.

The Motion in Limine to Exclude Evidence Obtained from the City of Atlanta is **DENIED**. The alternative request for a jury instruction is **DENIED**.

The Motion to Exclude Firearms from the Courtroom is **DENIED**.

The Motion to Prevent any Evidence, Testimony or Argument related to the Dangerous Nature of Machine Guns or Gun-Related Violence is **DENIED.** However, the presentation of the Government's evidence shall be limited to the limited scope enumerated in its opposition brief.

The Motion to Exclude Evidence, Testimony, or Argument Related to the City of Atlanta Ethics Investigation and Findings is **MOOT**.

The Motion to Exclude Evidence, Testimony, and Argument Related to Internal Audit Performed for City of Atlanta is **MOOT**.

The Motion to Exclude any Reference to Mr. Beard's Alleged Infidelity is **DENIED**.

The Motion to Exclude Evidence, Testimony, and Argument Related to Transactions Outside the Statute of Limitations is **DENIED.**

16

The Motion to Exclude Evidence, Testimony, and Argument related to Certain Testimony of Ameralis Sherman is **DENIED WITHOUT PREJUDICE,** contingent upon a proper foundation being laid for the admission of such evidence/testimony.[4]

**IT IS SO ORDERED** this 27th day of March, 2024.

_____
**HONORABLE STEVE C. JONES**
**UNITED STATES DISTRICT JUDGE**

---

[4] Defendant may re-raise this motion in the form of an objection to the testimony at trial. The Court will not *sua sponte* address the testimony.